UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

**Daniel George Halonen**  BKY 19-43643-MER
**Rita Lynn Halonen,**

Chapter 7

    Debtors.

## NOTICE OF SETTLEMENT

To:  The United States Trustee, all creditors and other parties in interest.

**NOTICE.**  On January 20, 2023, or as soon thereafter as the transaction may be completed, and subject to objection under applicable rules, the undersigned trustee of the estate of the debtor named above will settle a controversy as follows:

Settlement of the debtor Daniel Halonen's unscheduled personal injury/product liability claim; by acceptance of a gross settlement in the amount of **$360,069.90**, subject to typical attorney fees and costs associated with these types of claims.  The net recovery amount is approximately $239,113.23.  The following will be paid out of the gross settlement amount:  attorneys' fees of $119,556.59 (as detailed below); and expenses of approximately $1,400.08 (as detailed below).

The Trustee's attorneys will be paid pursuant to the terms set forth in the application to employ as follows:  Parker Waichman, LLP - Split of 33-1/3% Contingency Fee: 90% ($107,600.93), and Moore Law Group, PLLC - Split of 33-1/3% Contingency Fee: 10% ($11,955.66).  The application was filed as Doc 24, and was approved by this court's orders dated April 26, 2022, filed as Docs 25 and 26. In addition, the following expenses will be paid from the gross settlement proceeds: Moore Law Group, PLLC - $70.54; Parker Waichman, LLP - $479.54; and Archer QSF cost expense (as the settlement administrator) - $850.00.

The debtor has neither listed this claim as an asset in his case nor claimed any amount related to the claim exempt.  Therefore, payment of all net funds will be made payable to the order of "John R. Stoebner, Trustee" and sent to the address below.

The litigation is very complicated with significant risk involved and has been going on for some time.  Therefore, after analysis of information received by the Trustee from his attorneys and in consideration of the defenses and issues raised with respect to valuation of the claim and the delays inherent in contested litigation as well as the risk of an ultimate ruling adverse to the estate, the Trustee believes the foregoing settlement to be in the best interests of the estate.

**OBJECTION:  MOTION:  HEARING**.  Under applicable rules, any objection must be in writing, be served on the undersigned trustee and the United States Trustee, and be filed with the clerk, not later than 12:00 o'clock noon on the day before the date set for the settlement.  If an objection is timely served and filed, the court may hold an expedited hearing on the objection with reduced notice of the hearing.  The hearing will be scheduled by the trustee with notice by the trustee to the objecting party and the United States Trustee.  If an objection is made or an order is required, the undersigned trustee moves the court for such orders as may be necessary or appropriate.

| U.S. Bankruptcy Court | U.S. Trustee | John R. Stoebner, Trustee |
|---|---|---|
| 301 U.S. Courthouse | 1015 U.S. Courthouse | 150 South Fifth Street, Suite 3125 |
| 300 South Fourth Street | 300 South Fourth Street | Minneapolis, MN 55402 |
| Minneapolis, MN 55415 | Minneapolis, MN 55415 | |

Dated:  December 30, 2022                                   /e/ *John R. Stoebner*
                                                                               John R. Stoebner, Trustee
                                                                               150 South Fifth Street, Suite 3125
                                                                               Minneapolis, MN  55402
                                                                               (612) 465-0990

21-167